# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| CHARLES STRONGO (4) | Case Number: 3:21-CR-01310-WQH |

**FILED** JAN 22 2024 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY

Jeremy D Warren
Defendant's Attorney

**USM Number** 87823-509

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)    1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371;18:981(a)(1)(c),28:2461(c) - Conspiracy; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   Remaining count   is   dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed
 –

☐ JVTA Assessment*: $
 –

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

January 22, 2024
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| DEFENDANT: | CHARLES STRONGO (4) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time Served

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | | |
|---|---|---|
| DEFENDANT: | CHARLES STRONGO (4) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Three (3) years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:21-CR-01310-WQH

| | | |
|---|---|---|
| DEFENDANT: | CHARLES STRONGO (4) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| | | |
|---|---|---|
| DEFENDANT: | CHARLES STRONGO (4) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Provide complete disclosure of personal and business financial records to the probation officer as requested.

3. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

4. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

5. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

6. Not engage in any employment or profession involving fiduciary responsibilities.

7. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

8. Not accept or commence employment or volunteer activity without prior approval of the probation officer. Employment should be subject to continuous review and assessment by the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: CHARLES STRONGO (4)  
CASE NUMBER: 3:21-CR-01310-WQH

Judgment - Page 6 of 6

## RESTITUTION

The defendant shall pay restitution in the amount of   **$121,599.70**   unto the United States of America.

\*\*SEE ATTACHED ORDER RE RESTITUTION\*\*

3:21-CR-01310-WQH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>CHARLES STRONGO (4),<br><br>                                    Defendant. | Case No.: 21cr1310-WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the United States' Motion for Restitution, as it relates to Defendant Charles Strongo. (ECF No. 281.)

Restitution is authorized under 18 U.S.C. § 3553(a)(7), and mandatory restitution is authorized under 18 U.S.C. § 3663A(c)(1)(A)(ii) for offenses committed by "fraud or deceit" such as this one. Losses that a defendant must repay are those suffered by "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). Unlike determining the amount of loss for custodial sentencing purposes, "[r]estitution clearly focuses on the *victim*, not the individual defendant. Restitution seeks to compensate the *victim* for all the *direct and proximate losses* resulting from the

defendant's conduct, not only for the reasonable foreseeable losses." *United States v. Gossi*, 608 F.3d 574, 581 (9th Cir. 2010).

"The government bears the burden of proving that a person or entity is a victim for purposes of restitution, and of proving the amount of the loss." *Id.* at 579. "Under 18 U.S.C. § 3664, a dispute as to the proper amount of restitution must be resolved by the district court by a preponderance of the evidence." *Gossi*, 608 F.3d at 579. "[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order." *United States v. Waknine*, 543 F.3d 546, 558-59 (9th Cir. 2008). However, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015).

Based upon the evidence filed by the Government in its Motion for Restitution and the Supplement in support of the motion (ECF Nos. 281, 307), the Court finds that all of the claimed losses for restitution purposes were incurred after Strongo joined the conspiracy.

The Court has the option to impose joint and several liability, or it has the option to apportion the restitution award among the Defendants. *See United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020). If the Court finds that each defendant "played an essential role in the fraudulent scheme," it has the discretion to hold each defendant jointly and severally liable for the restitution payments. *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002); *see also* 18 U.S.C. § 3664(h).

Charles Strongo played an essential role in the fraudulent scheme. Strongo became the CEO of GWHP and controlled over 99% of its stock. Strongo held much of this stock in the names of others, including his family members and two entities that he controlled. Strongo misrepresented to GWHP's transfer agent that he did not control most of these shares, which led the transfer agent to conclude that an exemption from the SEC's registration requirement applied and lift the restrictive legend from the shares. Strongo's misrepresentation effectively allowed the GWHP shares to be sold to the public in the

national securities markets. Strongo then caused his family members and entities to distribute shares to co-conspirators and to others.

The Court has previously found at the sentencing of the Yafas that the evidence showed at trial that each of the other defendants played an important role in the conspiracy. Accordingly, the Court finds joint and several liability to be appropriate as to the restitution order applicable to Charles Strongo.

As to the amount of restitution, the Court limits consideration to the dollar amount and number of victims identified by the Government in its Motion and Supplement. For the reasons identified by the Government in its filings and based upon Strongo's failure to contest the Government's evidence, the Court finds that the Government has proven the amount of loss for the purposes of restitution to be $121,599.70.

As for causation, the Court finds that Strongo's misrepresentation to the transfer agent, which allowed the GWHP shares to be sold to the public in the national securities markets, and Strongo's distribution of his shares to co-conspirators and others, caused the losses at issue in the restitution motion. Moreover, under the Mandatory Victims Restitution Act, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the restitution order may include acts of related conduct for which the defendant was not convicted." *United States v. Thomsen*, 830 F.3d 1049, 1066 (9th Cir. 2016). The Ninth Circuit has held that in conspiracy cases involving fraud such as this one, "restitution may be ordered for all persons directly harmed by the entire scheme." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). Here, the harm to all of the identified victims was directly caused by the pump-and-dump scheme in which Strongo played an integral part. The Court finds that the harm to these victims was "closely related to the scheme, rather than tangentially linked." *Thomsen*, 830 F.3d at 1066. The Court finds that the Government has proven the necessary causation between Strongo's crimes and the $121,599.70 in losses sustained by the identified victims.

In general, a defendant is required to pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. *See* 18 U.S.C. § 3612(f)(1). However, "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection, the court may … waive the requirement for interest." 18 U.S.C. § 3612(f)(3)(A). Strongo has requested that the Court waive post-judgment interest and the Government has not opposed the request. Strongo has qualified for appointed counsel under the CJRA and his financial circumstances are outlined in the Presentence Investigation Report. (*See* ECF No. 272 ¶¶ 83-92.) Based upon this record, the Court finds that Strongo does not have the ability to pay interest, and therefore the Court waives the requirement for interest pursuant to 18 U.S.C. § 3612(f)(3)(A).

The Court also has considered Strongo's request that the Court set nominal periodic payments, as authorized by 18 U.S.C. § 3664(f), which states in pertinent part: "A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C. § 3664(f)(3)(B). Based upon Strongo's financial information in the record, the Court finds that, upon release from any custody, Strongo shall pay restitution at the rate of at least $50.00 per month, subject to modification by order of the Court.

IT IS HEREBY ORDERED that the Motion for Restitution (ECF No. 281) is granted as to Defendant Charles Strongo. This Order does not resolve the Motion for Restitution as to any other Defendant.

1. Pursuant to 18 U.S.C. § 3553(a)(7) and 18 U.S.C. § 3663A(c)(1)(A)(ii), Defendant Charles Strongo (hereinafter "Defendant" or "Strongo") shall pay restitution in the total amount of $121,599.70. Restitution shall be paid to the following victims in the specified amounts, pro rata:

|   |   |   |
|---|---|---|
| a. | $25,455.35 to Frederick Charles Dietz II; |
| b. | $2,618.74 to Shahram Esmailzadeh; |
| c. | $10,432.40 to Alois Michael Himsl Jr.; |
| d. | $1,959.60 to Dean Kasper; |
| e. | $96.50 to Barbara Mallonee; |
| f. | $51,475.01 to Susan M. Sanderson; |
| g. | $24,326.90 to Thomas E. Sanderson; |
| h. | $5,115.00 to Robert G. Weigner; |
| i. | $120.20 to Percy L. White Jr. |

2. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $10.00 per quarter, whichever is greater. Upon release from custody, Defendant shall pay restitution at the rate of at least $50.00 per month, subject to modification by order of the Court.

4. This order does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

5. The payment of interest is waived as to Strongo pursuant to 18 U.S.C. § 3612(f)(3)(A).

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

1  The bank or cashier's check or money order shall reference "Charles Strongo" and "Case
2  No. 21CR1310-WQH." The Clerk of the Court shall distribute payments to all victims at
3  addresses to be provided to the Clerk's Office by the United States Attorney's Office.
4      7.   Until restitution has been paid, Defendant shall notify the Clerk of the Court
5  and the United States Attorney's Office's Forfeiture and Financial Litigation Section of
6  any change in Defendant's economic circumstances that might affect Defendant's ability
7  to pay restitution no later than thirty days after the change occurs.
8  Dated: January 22, 2024

*[signature]*
Hon. William Q. Hayes
United States District Court

6

21cr1310-WQH